### CHATEAUGAY ORE & IRON CO. *v.* BLAKE.

(*Circuit Court, S. D. New York.* August 2, 1888.)

1. **ERROR, WRIT OF—SUPERSEDEAS BOND—CONDITION.**
   A *supersedeas* bond, conditioned that the plaintiff in error "shall prosecute its writ of error to effect, and answer all damages and costs, if it shall fail to make the plea good," is sufficient.

2. **SAME—EXECUTION BEFORE ENTRY OF JUDGMENT.**
   A *supersedeas* bond executed before the judgment was in fact entered, but not delivered until after its entry, is valid; but in order that it may not be open to question, leave will be given plaintiffs in error to execute a new bond *nunc pro tunc.*

On Writ of Error from District Court. Motion to dismiss writ for alleged insufficiency of *supersedeas* bond.

*Chittenden, Townsend & Chittenden,* for plaintiff.

*Matthews & Smith,* for defendant.

LACOMBE, J. I am informed by the clerk that the *supersedeas* bond is in the form in use in this circuit for many years. The condition, viz., that the plaintiff in error "shall prosecute its writ of error to effect, and answer all damages and costs, if it shall fail to make the plea good," is in the language of the 1000th section of the Revised Statutes, and sufficient. As to the objection that the bond is defective because it was executed before the judgment sought to be reviewed by the writ of error was in fact entered, I am also of the opinion that the bond is none the less a valid obligation to respond for failure to make good the writ of error in this suit, the bond not having been delivered till after entry of judgment. Inasmuch, however, as the obligors are not parties to this motion, and this decision will therefore not bind them, and the re-

spondent being entitled to a security which shall be open to no question, the plaintiffs in error should have a new bond executed and filed *nunc pro tunc.* This may be done within 10 days after entry of this order.